IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>v.<br><br>ALBERTO NEGRON CONSTANTINO,<br>Defendant. | CRIMINAL NO. 97-229(JAF) |

**UNITED STATES' RESPONSE TO DEFENDANT'S MOTION
REQUESTING THAT THE HONORABLE COURT ORDER THE BOP**

**TO THE HONORABLE JUDGE:**

**COMES NOW**, the United States of America, through the undersigned attorney's and very respectfully states as follows:

1.  This defendant has requested the Court to order the Bureau of Prisons to place the defendant in home detention to serve the remaining of his sentence; this request is based on the fact that he cooperated with the government in the case of U.S. v. Jesus Pomales Pizarro, Criminal No. 03-294(DRD).

2.  This defendant signed a cooperation agreement with the United States on or about 1998.[1] One of this defendant's obligation was to testify in all proceedings required by the United States. As a consequence of defendant's substantial cooperation, the United States filed a request for downward departure. In its' motion, the United States informed the Court as to all of defendant's cooperation, that is, the information provided with the name of the targets, the hearings he testified in, and his own criminal conduct. As a result, this Honorable Court granted a reduction.

---

[1] The U.S. file for this defendant is in record center. This is an approximate year considering he was indicted in 1997.

US Response to Defendant's Motion Requesting
that the Honorable Court Order BOP
Criminal No.97-229(JAF)
Page No. 2

3.   The defendant now claims that he should get a further reduction for his availability to testify in the above mentioned case, that is, by ordering BOP to place him in home detention.

4.   The United States already has granted credit to this defendant for all information provided by him which was considered substantial. The United States Attorney's Office never informed the defendant he would get credit for court appearance, as all the information was old information previously considered; nor that he would be placed in home confinement.

5.   Further, the defendant fails to cite under what statute can the Court order BOP to place him in home detention. It must be noted, that the place where a defendant shall serve his sentence is a matter for the Bureau of Prisons to determine. This defendant must request to serve the remaining portion of his sentence in home confinement to the Bureau of Prisons. See, Title 18, United States Code, Section 3624. Defendant must first exhaust his administrative remedies pursuant to the Prison Litigation Reform Act (PLRA). See U.S. v. Morales Morales, 985 F. Supp. 299 (D. Puerto Rico, 1997).

WHEREFORE, defendant's request should be denied.

RESPECTFULLY SUBMITTED,

In San Juan, Puerto Rico, this 6th day of May, 2005.

H.S. GARCIA
United States Attorney

Sonia Torres 209310
Chief, Criminal Division
United States Attorney's Office
Suite 1201, Torre Chardon
350 Chardon Street
Hato Rey, Puerto Rico 00918
Tel: (787) 766-5656

Case 3:97-cr-00229-JAF    Document 843    Filed 05/05/2005    Page 3 of 3

**US Response to Defendant's Motion Requesting**
**that the Honorable Court Order BOP**
**Criminal No.97-229(JAF)**
**Page No. 3**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing motion was sent by regular U.S. mail to: Alberto Negron Constantino, Reg. No. 15303-069 - 4-C, Metropolitan Detention Center, P.O. Box 2147, San Juan, Puerto Rico 00922.

Sonia Torres